# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SEAN E. COOTS,

Petitioner,

v.

ISIDRO BACA, et al.,

Respondents.

Case No. 3:19-cv-00689-LRH-CLB

**ORDER**

This habeas matter comes before the Court for consideration of *pro se* Petitioner Sean E. Coots's Application to Proceed *In Forma Pauperis* (ECF No. 1) and Motion for Appointment of Counsel (ECF No. 1-2), and for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court denies the pauper application and motion for counsel and directs Coots to pay the filing fee and amend his petition within 30 days.

## I. IFP APPLICATION

Pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice, any person who is unable to prepay the fees in a civil case may request permission to proceed *in forma pauperis* ("IFP"). Indigent prisoners who do not have the money to pay the five dollar ($5.00) filing fee for a § 2254 habeas petition may apply for IFP status. A prisoner's IFP application must be submitted on the form provided by the court and include specific financial documents. 28 U.S.C. § 1915; LSR 1-1, LSR 1-2.

After considering the IFP application, the Court finds that Coots is able to pay the $5 filing fee. In particular, the Court notes that Coots's financial certificate states that he has a current balance of $501.00 in his inmate trust account and he receives average monthly deposits of $283.33. (ECF No. 1 at 4.) The IFP application will therefore be denied. Coots will have 30 days

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

1

from the date of this order to have the $5 filing fee sent to the Clerk of Court.

**II.**     **MOTION FOR APPOINTMENT OF COUNSEL**

Coots seeks the appointment of counsel to assist him in this habeas proceedings. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). However, an indigent petitioner seeking relief under 28 U.S.C. § 2254 may request the appointment of counsel to pursue that relief.[2] 18 U.S.C. § 3006A(a)(2)(B). The court has discretion to appoint counsel when the interests of justice so require. 18 U.S.C. § 3006A(a)(2). The interests of justice so require "when the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). In the absence of such circumstances, a request for counsel in a § 2254 proceeding is addressed to the sound discretion of the district court. *Id.* (citing *Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962)). When a habeas petitioner has a good understanding of the issues and the ability to present forcefully and coherently his contentions, no attorney is legally required. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

Coots's motion, submitted on a prison form, argues that the complexities of the issues in relation to his lengthy sentence implicate a need for counsel to promote fairness and justice. (ECF No. 1-2.) He asserts that he is unable to afford counsel and his incarceration will impede his ability to pursue his habeas claims. Counsel would assist Coots in presenting substantive and procedural issues and ease the Court's task of discerning the issues.

Here, Coots has not established that the interests of justice require the appointment of counsel. Based on the state appellate record and the petition, the Court finds that the facts alleged and legal issues raised are not especially complex. Since commencing this habeas action, Coots has submitted multiple filings and a 72-page petition, demonstrating sufficient ability to write and

---

[2] An "indigent" petitioner is a person "who is too poor to hire a lawyer and who, upon indictment, becomes eligible to receive aid from a court-appointed attorney and a waiver of court costs." Black's Law Dictionary (10th ed. 2014).

articulate his claims. Although Coots's lengthy sentence might weigh in favor of counsel, he has not substantiated the bare allegation that the substantive and procedural issues in this case are too complex for his comprehension and abilities. As to investigation or discovery, the Court's review of a 28 U.S.C. § 2254 petition is generally limited to the record that was before the state courts. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). At this juncture the Court cannot determine whether circumstances exist in this case that would nonetheless justify a grant of discovery, and the Court will not appoint counsel based on a speculative possibility of discovery. Coots has not shown that denial of counsel would violate due process, and the motion is denied.

### III. AMENDING THE PETITION

Coots has not filed his petition on the appropriate form or in substantial compliance with the form. The Habeas Rules require that a petition: (1) specify all the grounds for relief available to the petitioner, (2) state the facts supporting each ground, (3) state the relief requested, (4) be printed, typewritten, or legibly handwritten, and (5) be signed under penalty of perjury by the petitioner. Habeas Rule 2(c). To comply with this rule, a petitioner must state specific particularized facts that entitle him to habeas relief for each ground alleged. *Mayle v. Felix*, 545 U.S. 644, 649 (2005). The facts alleged must provide sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition should proceed. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990). However, "a habeas petition should not resemble a treatise. Effective writing is concise writing." *Spaziano v. Singletary*, 36 F.3d 1028, 1031 n.2 (11th Cir. 1994) (noting that a 376-page habeas petition did not comply with Habeas Rule 2(c) because of its "prolixity," *i.e.*, use of more words than necessary to express a thought).[3]

Additionally, *pro se* petitioners are required to submit their petition on the court's approved form or substantially follow the model form provided in the appendix of forms to the Habeas Rules.

---

[3] *Cf. Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir. 2011) ("[W]e have never held—and we know of no authority supporting the proposition—that a pleading may be of unlimited length and opacity. Our cases instruct otherwise."); *McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996) (recognizing that unduly long and confusing pleadings "impose unfair burdens on litigants and judges").

LSR 3-1; Habeas Rule 2(d). The form is important as it provides the Court with necessary information to conduct preliminary review of the petition.

Here, Coots's 72-page petition contains excessive legal and factual arguments and does not provide a statement of exhaustion for each claim. Accordingly, Coots must, within 30 days of the date of this order, file an amended petition on the Court's form.[4] The Court will defer screening until Coots has fully complied with this order.

If Coots chooses to file an amended petition, he is advised to carefully follow the instructions on the form. The amended petition should set forth the claims in short and plain terms, simply, concisely, and directly. This means Coots should avoid lengthy legal and factual argument as well as excessive citations to case law. Instead, he should summarize the information he believes to be relevant in his own words for each claim asserted. Exhibits are not a substitute for a proper petition. Coots should specifically identify what constitutional right he believes was violated for each claim.

Additionally, Coots is informed that he cannot refer to a prior pleading (*i.e.*, the original petition) in order to make an amended petition complete. *See* LR 15-1(a); *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (an amended pleading generally supersedes the original). Therefore, an amended petition must re-allege all claims for relief. Any claims that Coots does not re-allege will be waived. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT THEREFORE IS ORDERED:**

1. Petitioner Sean E. Coots' Application to Proceed *In Forma Pauperis* (ECF No. 1) and Motion for Appointment of Counsel (ECF No. 1-2) are DENIED.

2. The Clerk of Court is directed to mail Coots *two* copies of (i) this order, and (ii) the form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, along with instructions.

---

[4] Coots at all times remains responsible for calculating the applicable statute of limitations. In ordering petitioner to amend his petition, the Court makes no finding or representation that either the original or amended petition will be considered timely.

3. **Within 30 days of the date of this order, Coots must**:
    a. pay the $5.00 filing fee and make the necessary arrangements to have a copy of this order attached to the check for the filing fee; and
    b. file an amended petition that corrects the noted deficiencies.
4. Coots must clearly title the amended petition as such by writing the words "FIRST AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on the first page, and including 3:19-cv-0689-LRH-CLB in the space for the case number ("CASE NO.").
5. Coots's failure to timely comply with this order will result in the dismissal of this action without further advance notice.

DATED this 21st day of November, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE