# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SEAN E. COOTS,

        Petitioner,

v.

ISIDRO BACA, et al.,

        Respondents.

Case No. 3:19-cv-00689-LRH-CLB

**ORDER**

    Petitioner Sean E. Coots, a Nevada prisoner, commenced this habeas proceeding pursuant to 28 U.S.C. § 2254. This habeas matter is before the Court on consideration of Coots' Renewed Motion for Appointment of Counsel (ECF No. 8) as well as initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court denies the motion and orders Respondents to respond to Coots' claims.

    As directed by this Court's November 21, 2019 Order (ECF No. 3), Coots paid the filing fee (ECF No. 4) and submitted a First Amended Petition for Writ of Habeas Corpus (ECF No. 7). Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See also Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). Coots challenges a conviction and sentence imposed by the Third Judicial District Court for Lyon County, Nevada. He alleges 17 grounds for relief. Having conducted an initial review of the amended petition, the Court will direct service of the amended petition and a response.

    Turning to Coots' renewed motion to appoint counsel, the motion will be denied. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). Nothing in Coots' renewed motion causes the Court to change its decision that the

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

appointment of counsel is unwarranted, as set forth in the prior Order (ECF No. 3).  Since initiating this habeas action, Coots has submitted multiple filings and demonstrated sufficient ability to write and articulate his claims.  The Court appreciates that it is difficult for *pro se* petitioners to pursue their habeas claims and almost every *pro se* party would benefit from representation by counsel.  However, Coots has not shown that denial of counsel would violate due process therefore the appointment of counsel is not justified in this instance. Coots' renewed request for the appointment of counsel is denied.

**IT IS THEREFORE ORDERED:**

1. Petitioner Sean E. Coots' Renewed Motion for Appointment of Counsel (ECF No. 8) is DENIED.
2. The Clerk of Court is instructed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and electronically serve the Nevada Attorney General with a copy of the First Amended Petition for Writ of Habeas Corpus (ECF No. 7) and this order.
3. Respondents will have 60 days from the date the amended petition is electronically served to appear in this action and answer or otherwise respond to the petition.
4. If Respondents file an answer to the petition, Coots will have 60 days to file a reply to the answer.  If Respondents file a motion to dismiss instead of an answer, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.
5. Any procedural defenses Respondents raise in this case must be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).  In short, no

procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

6. In any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

7. Respondents must file the state court exhibits relevant to their response to the petition, in chronological order.

8. All state court records and exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

9. A paper copy of any exhibits over 50 pages—for this case—must be delivered to the **Las Vegas** Clerk's Office and addressed to the attention of "Staff Attorney." Paper copies must be (i) file-stamped copies, bearing the document number assigned by the CM/ECF system, (ii) securely bound on the left side to display the document and page numbers, and (iii) tabbed to display exhibit numbers or letters on the right side or bottom of the copies. *See* LR IA 10-3(i); LR IC 2-2(g).

DATED this 8th day of April, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE