UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SEAN E. COOTS, | Case No. 3:19-cv-00689-LRH-CLB |
| Petitioner, | |
| v. | ORDER |
| ISIDRO BACA, et al., | |
| Respondents. | |

      Petitioner Sean E. Coots, a Nevada prisoner, has filed a *pro se* First Amended Petition for Writ of Habeas Corpus (ECF No. 7) under 28 U.S.C. § 2254. Currently before the Court is the respondents' motion to dismiss (ECF No. 17). Petitioner did not oppose the motion, and the deadline to do so expired without additional request for extension.[1] For the reasons discussed below, the motion is granted, in part, and denied, in part.

    **I.**    **Procedural History and Background**

      Petitioner was charged with one count of trafficking in a controlled substance, one count of unlawful possession of a controlled substance for the purpose of sale, one count of maintaining a place for the sale or use of a controlled substance, and two counts of ex-felon in possession of a firearm (Ex. 7).[2] The state district court tried the ex-felon in possession of a firearm charges separately and consolidated the remaining charges (Ex. 9). Following a one-day trial, a jury found Petitioner guilty of two counts of ex-felon in possession of a firearm (Ex. 60). Petitioner pled no contest to one count of trafficking in a controlled substance (Ex. 89 at 162-63).

---

[1] LR 7-2 of the Local Rules of Civil Practice provides that failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted. LR 7-2(d); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow the district court's local rules is a proper ground for dismissal). Pursuant to the Court's order granting Petitioner's motion to extend time (ECF No. 26), any response to the respondents' motion was to be filed and served by December 14, 2020. Although no response was filed, the Court will address the merits of the motion to ensure a complete record.

[2] The exhibits cited in this order, comprising the relevant state court record, can be located at ECF No. 18 to ECF No. 22 of the Court's docket.

1

On November 14, 2011, the state district court entered the judgment of conviction for the two counts of ex-felon in possession of a firearm, adjudicated Petitioner a habitual criminal, and sentenced him to life with the possibility of parole after ten years (Ex. 60). Petitioner appealed (Ex. 87). The Nevada Supreme Court affirmed Petitioner's conviction (Ex. 102). Petitioner then filed a *pro se* state habeas petition as well as a counseled amended state habeas petition (Exs. 108 & 127). The state district court denied Coots' state habeas petition (Ex. 153). The Nevada Supreme Court affirmed the denial of his state habeas petition (Ex. 189). On January 23, 2020, Coots filed his first amended federal habeas petition (ECF No. 7). Respondents move to dismiss Grounds 1, 2, 5, 7, 8, 10, 12, 13, 14, 15 as being unexhausted and Grounds 4, 6, and 11 as being partially unexhausted. Respondents further argue that Grounds 8, 15, and 17 are duplicative and that Ground 16 is not cognizable in federal habeas.

## II. Legal Standards & Analysis

### a. Exhaustion

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).
///

A state appellate court decision on the merits of a claim of course exhausts the claim. *E.g.*, *Comstock v. Humphries*, 786 F.3d 701, 707 (9th Cir. 2015). "In the exhaustion context, the Supreme Court has admonished lower courts that the complete exhaustion requirement is not intended to 'trap the unwary *pro se* prisoner'." *Davis v. Silva*, 511 F.3d 1005, 1009 n.4 (9th Cir. 2008) (quoting *Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (rejecting argument that petitioner should be limited to claims in an initial federal petition after returning to federal court from state exhaustion proceedings)). "More generally, the Court has held *pro se* pleadings to a less stringent standard than briefs by counsel and reads *pro se* pleadings generously, 'however inartfully pleaded.'" *Id.* (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). "A claim has not been fairly presented in state court if new factual allegations either 'fundamentally alter the legal claim already considered by the state courts,' or 'place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.'" *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014).

### i. Ground 1

The Court reads Ground 1 as alleging the following claims: (a) the prosecutor committed misconduct when she stated she was not "sure how [Petitioner] can say with a straight face those guns weren't his…" during opening statements in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights (ECF No. 7 at 5); (b) the prosecutor committed misconduct when she stated, "if they weren't [Petitioner's], whose were they?" during closing argument in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights (*Id.* at 7); and (c) trial counsel rendered ineffective assistance when counsel failed to object to the remarks made during the State's closing argument (*Id.* at 8). Petitioner raised the claims of prosecutorial misconduct alleged in Ground 1(a) and 1(b) on direct appeal. Respondents, however, are correct that Petitioner never presented an ineffective assistance of counsel claim regarding his trial counsel's failure to object to the alleged improper statement made during the State's closing argument to the state appellate

3

courts on direct appeal or on appeal of his state habeas petition. Ground 1(c) is, therefore, unexhausted.

### ii. Ground 2

In Ground 2, Petitioner alleges that the prosecutor committed misconduct "when she knowingly had absolutely no proof, that [Petitioner] had possession of, . . ., or had owned the two shotguns prior to his arrest," and that the misconduct "was clearly intentional and designed to hide or conceal evidence not disclosed during discovery" (ECF No. 7 at 10). Petitioner did not present this claim to the state appellate courts, and therefore, Ground 2 is unexhausted.

### iii. Ground 4

In Ground 4, Petitioner alleges the following claims: (a) trial counsel rendered ineffective assistance for failing to determine if Petitioner suffered from post-traumatic stress disorder or other mental illnesses; (b) the state failed to provide copies of judgments of conviction in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (c) trial counsel rendered ineffective assistance for failing to request a continuance of the sentencing hearing; (d) counsel rendered ineffective assistance for failing to seek suppression of sentencing transcripts; (e) the prosecutor committed misconduct by using uncharged criminal allegations at sentencing; (f) the prosecutor committed misconduct by making false statements at sentencing; and (g) counsel rendered ineffective assistance for failing to object to prosecutor's statements at sentencing (ECF No. 7).

Respondents recognize that Petitioner raised the claim that trial counsel rendered ineffective assistance for failing to request a continuance of the sentencing hearing in his state habeas appeal. Respondents argue, however, that all other claims raised in Ground 4 are unexhausted. The Court agrees that Petitioner raised the claim that his trial counsel rendered ineffective assistance for failing to request a continuance of the sentencing hearing in Petitioner's state habeas appeal and, therefore, that claim is exhausted. Respondents are correct that Ground 4 is partially unexhausted. Petitioner did not present the remaining claims set forth in Ground 4, unless otherwise stated herein, in his direct appeal or on appeal of his state habeas petition. Accordingly, Ground 4 is partially unexhausted.

///

### iv. Ground 5

Petitioner alleges an ineffective assistance of counsel claim for his trial counsel's "inadequate presentation of motion to suppress…" (ECF No. 7 at 37). Respondents argue that Ground 5 is unexhausted because Petitioner raised this claim in his state habeas appeal in a conclusory fashion without reference to specific case law (ECF No. 17 at 9). The Court disagrees. Petitioner sufficiently alleged an ineffective assistance of counsel claim in violation of his constitutional rights in his state habeas appeal. The Nevada Supreme Court clearly considered whether Petitioner's trial counsel rendered ineffective assistance for failing to adequately challenge the sufficiency of the search warrant (Ex. 189 at 4). Accordingly, Ground 5 is exhausted.

### v. Ground 6

Petitioner alleges that counsel rendered ineffective assistance for (a) failing to investigate evidence, and (b) failing to file pretrial and trial motions. Respondents argue that Ground 6 is partially unexhausted because Petitioner did not raise the claim that his counsel failed to file pretrial and trial motions in his state habeas appeal. The Court agrees. Ground 6 is partially unexhausted as to Petitioner's claim that counsel rendered ineffective assistance for failing to file pretrial and trial motions. The portion of Ground 6 alleging ineffective assistance regarding trial counsel's failure to investigate evidence is exhausted.

### vi. Ground 7

Petitioner alleges an ineffective assistance of counsel claim for his trial counsel's failure to challenge his arrest. Petitioner never presented this claim to the state appellate courts. Therefore, Ground 7 is unexhausted.

### vii. Ground 8

Respondents argue that Ground 8 is duplicative of Ground 5. In Ground 8, Petitioner argues that his counsel rendered ineffective assistance for "submitting a vague and unspecific motion to suppress" (ECF No. 7 at 47). The Court agrees with Respondents that Ground 8 is duplicative of Ground 5. Accordingly, Ground 8 is dismissed as duplicative.

///

///

### viii. Ground 10

Petitioner alleges his trial counsel rendered ineffective assistance for failing to object to a tainted and biased jury (ECF No. 7 at 53). Although Petitioner refers to this claim in his state habeas appeal, it is in the context of his argument that the state district court erred in ruling on his state habeas petition when respondent failed to respond or answer the issues raised in his original petition (Ex. 171 at 16-17). Petitioner did not present an ineffective assistance claim for his trial counsel's failure to object to a tainted and biased jury to the Nevada appellate courts. Accordingly, Ground 10 is unexhausted.

### ix. Ground 11

Petitioner alleges that trial counsel rendered ineffective assistance for failing to present a defense. In Petitioner's state habeas appeal, the Nevada Court of Appeals declined to consider this claim in the first instance on appeal because it was not plainly raised as grounds for relief in the state district court proceedings (Ex. 189 at fn 1). "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (per curiam) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Because Petitioner presented the claim in Ground 11 to the Nevada Court of Appeals in a procedurally incorrect manner, Ground 11 is unexhausted.

### x. Grounds 12, 13, and 14

In Ground 12, Petitioner alleges that trial counsel rendered ineffective assistance for failing to request a curative jury instruction when an information containing Petitioner's past felonies was read to the jury (ECF No. 7 at 60). In Ground 13, Petitioner alleges a claim of ineffective assistance of counsel regarding trial counsel's failure to argue that a "less offensive" felony should have been used as the basis for the ex-felon in possession of a firearm charge (*Id.* at 63-64). In Ground 14, Petitioner alleges that trial counsel rendered ineffective assistance for failing to request a curative jury instruction regarding the improper statements made during the State's opening argument (*Id.* at 66). Petitioner did not present any of these claims to the state appellate courts, and therefore, Grounds 12, 13, and 14 are unexhausted.

### xi. Ground 15

Petitioner alleges that trial counsel rendered ineffective assistance for failing to object to the State's false and misleading statements at sentencing. Respondents argue that this claim is duplicative of a claim raised in Ground 4 and is, nonetheless, unexhausted. Ground 15 is unexhausted and duplicative of Ground 4. Accordingly, Ground 15 is dismissed as duplicative.

### b. Cognizability

The Antiterrorism and Effective Death Penalty Act ("AEDPA") "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). When conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable in federal habeas. *McGuire*, 502 U.S. at 68.

Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *McGuire*, 502 U.S. at 67. A petitioner "cannot, merely by injecting a federal question into an action that asserts it is plainly a state law claim, transform the action into one arising under federal law." *Caterpillar v. Williams*, 482 U.S. 386, 399 (1987); *accord Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) ("A petitioner may not 'transform a state law issue into a federal one merely by asserting a violation of due process . . . '") (quoting *Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996)).

### i. Grounds 16 and 17

Respondents argue that Ground 16 is not cognizable in federal habeas and that the claim raised in Ground 17 is duplicative of Ground 16. In Ground 16, Petitioner alleges the state district court erred by *sua sponte* ruling on issues that the respondent failed to respond to or answer in Petitioner's original state habeas petition (ECF No. 7 at 71). Ground 16 is not cognizable as grounds for a writ of habeas corpus because Petitioner has not demonstrated that the alleged state procedural error violated his due process rights. Alleged errors in the state postconviction process do not attack the lawfulness of the detention status and are not cognizable on federal habeas review.

*Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989); *see also Gerlaugh v. Stewart*, 129 F.3d at 1027, 1045 (9th Cir. 1997). In Ground 17, Petitioner alleges that his rights were violated when respondent failed to respond to or answer his original state habeas petition. The Court agrees with Respondents that Ground 17 is duplicative of Ground 16. Accordingly, Ground 16 fails to state a cognizable claim for federal habeas relief and Ground 17 is dismissed as duplicative.

### III.     Petitioner's Options Regarding Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court concludes that Grounds 2, 7, 10, 11, 12, 13, 14, and 15 are unexhausted and Grounds 1, 4, and 6 are partially unexhausted. Because the Court finds that the petition contains unexhausted claims, petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice;[3] or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

544 U.S. at 277.

---

[3] This Court makes no assurances as to the timeliness of any future-filed petition.

If petitioner wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court and presents argument regarding the question of whether or not his unexhausted claims are plainly meritless. Respondents would then be granted an opportunity to respond, and Petitioner to reply. Or Petitioner may file a declaration voluntarily abandoning his unexhausted claims, as described above. Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

### IV.    Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 17) is **GRANTED** in part as follows:

1. Grounds 2, 7, 10, 11, 12, 13, 14, and 15 are unexhausted.
2. The portions of Ground 1 alleging that the prosecutor committed misconduct for statements made during opening statements and closing arguments are exhausted.
    a. The portion of Ground 1 alleging that trial counsel rendered ineffective assistance when counsel failed to object to the remarks made during the State's closing argument is unexhausted.
3. The portion of Ground 4 alleging that trial counsel rendered ineffective assistance for failing to request a continuance of the sentencing hearing is exhausted.
    a. The remaining portions of Ground 4 as stated herein are unexhausted.
4. The portion of Ground 6 alleging ineffective assistance for trial counsel's failure to investigate evidence is exhausted.
    a. The portion of Ground 6 alleging ineffective assistance for trial counsel's failure to file pretrial and trial motions is unexhausted.
5. Ground 16 is dismissed as noncognizable on federal habeas review; and
6. Grounds 8, 15, and 17 are dismissed as duplicative.

**IT IS FURTHER ORDERED** that Petitioner shall have 30 days to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted grounds; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted grounds in abeyance while he returns to state court to exhaust his unexhausted grounds. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if Petitioner elects to abandon his unexhausted grounds, respondents shall have 30 days from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that Petitioner shall have 30 days following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED this 29th day of March, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE